```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
UNITED STATES OF AMERICA,

          - against -                      04 Cr. 1381 (NRB)

                                           MEMORANDUM AND ORDER
LATIE WHITLEY,

               Defendant.
---------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Latie Whitley was convicted following a jury trial of a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, discharging a firearm in connection with the Hobbs Act robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2, and being a felon-in-possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  As a result of resentencing following a successful appeal, Mr. Whitley is currently serving a sentence of 300 months.[1]  He now moves for compassionate release from the Metropolitan Detention Center (the "MDC") on the grounds that his

---

[1] Mr. Whitley was originally sentenced by Judge Richard C. Casey to 382 months' imprisonment, consisting of concurrent terms of 262 months for Hobbs Act robbery and Armed Career Criminal Act firearm possession and a consecutive mandatory minimum term of 120 months for discharging a firearm.  After the Second Circuit held on appeal that Whitley was exempt from the 120-month mandatory minimum that had been imposed, see United States v. Whitley, 529 F.3d 150, 158 (2d Cir. 2008), he was resentenced by the undersigned to a term of imprisonment of 300 months.  Whitley's 300-month sentence was subsequently affirmed on appeal.  See ECF No. 43.  Notwithstanding Mr. Whitley's winding post-conviction journey, his 300-month sentence, of which he has served approximately 184 months, is consistent with the two mandatory minimums to which he is subject—-namely, a 10-year mandatory minimum for discharging a firearm and a 15-year mandatory minimum under the Armed Career Criminal Act for possession of a firearm after three prior convictions for serious drug offenses or violent felonies.  See ECF No. 79 at 1.

asthma and his age (50 years old) place him at heightened risk for complications were he to contract COVID-19.  The Government opposes the motion.  For the reasons that follow, Mr. Whitley's motion is denied.

Mr. Whitley moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce [a] term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3553(c)(1)(A).  As the proponent of his release, Mr. Whitley bears the burden of demonstrating that his release is justified under

2

Section 3582(c)(1)(A).  See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).[2]

Mr. Whitley's motion, which is largely addressed to the general conditions at the MDC, see ECF No. 77 at 2-4, offers little in the way of evidence indicating that Mr. Whitley is uniquely susceptible to the risks posed by COVID-19.  While Mr. Whitley's medical records reflect that he has been prescribed medication for asthma, his motion offers no indication of the severity of that condition.  In any event, current medical evidence does not support a definitive link between asthma and increased risk of suffering severe complications from COVID-19.[3]  Moreover, Mr. Whitley's age does not fall within the age range that has been identified as most at risk.[4]

Even if Mr. Whitley's medical conditions constituted extraordinary and compelling circumstances, which they do not, the application of the factors set forth in 18 U.S.C. § 3553(a) would

---

[2] Because 30 days have elapsed since Mr. Whitley requested compassionate release from the warden at MDC, see ECF No. 77 at 1, his motion is properly before this Court and may be considered on its merits.  Cf. United States v. Pereyra-Polanco, No. 19 Cr. 10 (NRB), 2020 WL 1862639 (S.D.N.Y. Apr. 14, 2020).

[3] See, e.g., Danny Hakim, *Asthma Is Absent Among Top Covid-19 Risk Factors, Early Data Shows*, N.Y. Times (Apr. 16, 2020), available at https://nytimes.com/2020/04/16/health/coronavirus-asthma-risk.html.  See also United States v. Roberts, No. 18 Cr. 528-5 (JMF), 2020 WL 2614764, at *2 (S.D.N.Y. May 22, 2020) (denying motion for compassionate release from an inmate suffering from asthma of unknown severity, and noting that "the medical evidence regarding the risk posed by COVID-19 to people with asthma is now equivocal.").

[4] See CDC, *People Who Are at Higher Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (identifying individuals 65 years and older as at high-risk of severe illness from COVID-19).

still counsel strongly against release.[5]  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need "to protect the public from further crimes of the defendant."  See 18 U.S.C. § 3553(a)(1), (a)(2)(C).  Mr. Whitley had no fewer than four felony convictions prior to committing the violent offense for which he is currently incarcerated.  See ECF No. 79 at 1.  Moreover, Mr. Whitley's lengthy disciplinary record while in BOP custody, and specifically his participation in an assault on a fellow inmate earlier this year, see ECF No. 81-1 at 1, fails to persuade the Court that he would not be a danger to any other person or the community were he to be released.

The Court accordingly denies Mr. Whitley's motion for compassionate release.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 77.

**SO ORDERED.**

Dated:          New York, New York
                May 28, 2020

                                          _____
                                          NAOMI REICE BUCHWALD
                                          UNITED STATES DISTRICT JUDGE

---

[5] "[A] court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances."  United States v. Gotti, No. 02 Cr. 743-07 (CM), 2020 WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020).